UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                )
                                      )
    WENDY DESHANNA PLUMMER          )    Case No. 08-14522-SSM
    JUAN ORVELL PLUMMER             )    Chapter 7
                                      )
        Debtors                     )

**MEMORANDUM OPINION AND ORDER**

    Before the court is the amended motion of W. Clarkson McDow, Jr., United States Trustee, Region Four to dismiss this case as to one of the debtors, Wendy Deshanna Plummer, on the ground that she is not eligible to receive a discharge in this case because she received a chapter 7 discharge in a case filed within 8 years of the present case. Although no response has been filed by Ms. Plummer opposing the motion, it cannot be granted at this time because creditors have not been given the required notice of the motion. Additionally, the court writes to express its strong disapproval of the United States Trustee's practice of filing motions to dismiss rather than complaints objecting to discharge as contemplated by the Bankruptcy Code and Rules.[1]

<u>Background</u>

    Wendy Deshanna Plummer and Juan Orvell Plummer are wife and husband. They filed a joint voluntary petition *pro se* in this court on July 29, 2008, for relief under chapter 7 of the

---

[1] The practice appears to be local to the Alexandria Division, as the judges in the other divisions of this district report they are not seeing such motions.

Bankruptcy Code, and have not yet received a discharge. Their petition states that a prior bankruptcy case had been filed in Florida in October 2001.

The meeting of creditors was held on August 27, 2008, and the trustee filed a report of no distribution on September 25, 2008. On October 24, 2008—58 days after the meeting of creditors—the United States Trustee filed the motion that is presently before the court. It alleges that Ms. Plummer had filed a chapter 7 case on October 30, 2003, in the Middle District of Florida and that she received a discharge in that case on March 10, 2004.[2] An amended motion (correcting the case number of the present case and removing an erroneous internal reference to a different debtor, but otherwise identical to the original motion) was filed on October 31, 2008. The notice of motion—which was served only on the debtor and the trustee and not on creditors—advised parties that they would have until November 28, 2008, to file a response opposing the motion. That date has passed, and no response has been filed.

## Discussion

### A.

An individual debtor is not entitled to a discharge in a chapter 7 case if he or she has been granted a chapter 7 or chapter 11 discharge "in a case commenced within 8 years before the date of the filing of the petition." § 727(a)(8), Bankruptcy Code. If grounds exist under § 727(a) for denial of discharge, an objection to discharge may be brought by the trustee, a creditor, or the United States Trustee. § 727(c)(1), Bankruptcy Code. In a chapter 7 case, a complaint objecting to the debtor's discharge must be filed not later than 60 days after the first date set for the meeting of creditors. Fed.R.Bankr.P. 4004(a). A "proceeding to object to . . . a discharge" is an

---

[2] *In re Wendy D. Wright*, No. 3:03-bk-11297-JAF (Bankr. M.D. Fla.).

adversary proceeding, which requires the service of a summons and complaint upon the debtor. Fed.R.Bankr.P. 7001(4), 7003, and 7004. Nothing in the Rules authorizes an objection to the granting of a discharge based on the 8-year bar to be brought by motion, although the court is aware that a modification to the Rules has been proposed that, if adopted, would authorize the practice.[3] Denial of a discharge, it must be stressed, is simply that: it does not terminate the administration of the bankruptcy case or affect the ability of a trustee to liquidate assets, recover preferences or fraudulent transfers, set aside unperfected liens, or make a distribution to creditors.

B.

A chapter 7 case may be dismissed for "cause," including unreasonable delay by the debtor that is prejudicial to creditors, nonpayment of filing fees, and failure to file required lists, schedules, and statements. § 707(a), Bankruptcy Code. Because the word "including" is not limiting, *see* § 102(3), Bankruptcy Code, the listed examples of cause are not exclusive, and cases may be dismissed based on other facts and circumstances as well. A case may be dismissed for cause only after notice and an opportunity for a hearing, § 707(a), Bankruptcy Code. At least 20 days notice of the hearing must be given to the debtor, the trustee, and all creditors and indenture trustees. Fed.R.Bankr.P. 2002(a)(4). Dismissal of a case terminates administration and in general restores the debtor and creditors to the position they occupied prior

---

[3] Specifically, the Advisory Committee on Bankruptcy Rules has recommended to the Judicial Conference of the Unites States proposed amendments to Rules 4004 and 7001 that would allow objections to discharge based on §§ 727(a)(8), 727(a)(9), and 1328(f) to be brought by motion rather than by adversary proceeding. The proposed changes are currently in the public comment stage, and the earliest date they could become effective, if approved by the Supreme Court and not disapproved by Congress, is December 1, 2009.

to the dismissal.  § 349(b), Bankruptcy Code.  Unless the court orders otherwise, dismissal of a case is without prejudice to the filing of a new case.  § 349(a), Bankruptcy Code.  However, the filing of a new case within a year of the dismissal of the prior case may result either in the automatic stay terminating after 30 days or—if more than one case has been dismissed within the prior year—no automatic stay arising at all.  § 362(c)(3) and (4), Bankruptcy Code.

C.

Nothing in the structure of the Code or Rules requires that a case be *dismissed* simply because a debtor is not entitled to a discharge.  The Fourth Circuit recently held as much in the context of a chapter 13 case.  *Branigan v. Bateman (In re Bateman)*, 515 F.3d 272 (4th Cir. 2008).  The Code and Rules, in fact, squarely address such a situation and provide a straightforward remedy, namely an adversary proceeding objecting to the debtor's discharge.  Denial of discharge based solely on temporal ineligibility, moreover, does not prejudice the debtor's right in a future case to obtain a discharge of the debts scheduled in the current case.[4]  In any event, where the Code and Rules specify the procedure to address a debtor's ineligibility for discharge, it is inappropriate to permit an end run around those procedures by proceeding instead by a motion to dismiss.[5]  The United States Trustee cites to a case decided in another district

---

[4] It is true that § 523(a)(10) of the Bankruptcy Code excludes from discharge any debt "that was or could have been listed or scheduled by the debtor in a prior case . . . in which a debtor was denied a discharge," but only if discharge was denied under §§ 727(a)(2) through (a)(7) of the Bankruptcy Code or equivalent provisions of the prior Bankruptcy Act of 1898.  The exception to discharge does not apply when discharge is denied because of the eight-year bar to discharge in § 727(a)(8).  See 4 Collier on Bankruptcy ¶ 523.16 (15th ed. rev. 2007).

[5] For example, there is a 60-day time limit from the meeting of creditors to file an objection to discharge, but no time limit for filing a motion to dismiss.  In this particular case, the motion to dismiss was filed within the 60-day period.  But who is to say that in a future case the motion to
(continued...)

more than 20 years ago to justify proceeding by motion to dismiss rather than by objection to discharge. *In re Blanchette*, 54 B.R. 890, 892 (Bankr. D. R.I. 1985). That case, however, stands in splendid isolation—no other published case, so far as the court can determine, has sanctioned substituting a motion to dismiss for an objection to discharge. In any event, *Blanchette* is not binding precedent in this district, nor does this court find its legal analysis to be persuasive.

The strongest argument that could be made in favor of proceeding by way of dismissal rather than denial of discharge is that not infrequently debtors themselves, upon discovering that they are ineligible to receive a discharge, will move under § 707(a) for a voluntary dismissal so that they may refile after the period of ineligibility has expired. While there is no right to a voluntary dismissal of a chapter 7 case, *see In re Komyathy*, 142 B.R. 755 (Bankr. E.D. Va. 1992), such motions are often granted. If dismissal is a remedy available to debtors, the argument goes, there is no compelling reason why the same remedy should not be available to the U.S. Trustee. Indeed, the lack of any opposition to the present motion probably reflects Ms. Plummer's belief that dismissal is in her best interest, especially since the requisite eight years have now passed since the prior case was filed, and there would be no bar to her immediately filing a new case and receiving a discharge.

The problem is that dismissal is not always in the *creditors'* best interest. If a new case is filed, for example, the 90-day and one-year look-back periods for preference avoidance will be measured from the filing of the new case, thereby perhaps insulating transfers that could have been avoided in the first case. Even though the trustee in this case has filed a report of no

---

[5](...continued)
dismiss might not be filed after the period for objecting to the debtor's discharge?

distribution, that would not affect the ability of the court, if the case were closed rather than dismissed, to reopen the case to allow administration of subsequently discovered assets that might provide a return to creditors.

To be sure, these possibilities are somewhat remote, but they underscore the need for notice to creditors if a case is to be dismissed in lieu of the debtor being denied a discharge. In this instance, *no* notice was given to creditors, as required by Rule 2002(a). Only the debtor and the chapter 7 trustee were given notice. Although a chapter 7 trustee has *standing* on behalf of creditors to object to dismissal of a case, *see Penick v. Tice (In re Penick)*, 732 F.2d 1211 (4th Cir. 1984), the trustee may not have the same *knowledge* as creditors of facts that might militate against dismissal. Hence, the importance of notice to all creditors.

## O R D E R

For the foregoing reasons, it is

**ORDERED** that the motion is denied at this time without prejudice to its reconsideration after the required 20 days' notice of hearing (or opportunity to request a hearing) is given to creditors.

Date: _____        _____
                                    Stephen S. Mitchell
Alexandria, Virginia                United States Bankruptcy Judge

Copies to:

Wendy Deshanna Plummer
Juan Orvell Plummer
42395 Ryan Road, Suite 112 Box 127
Brambleton, VA 20148

Gordon P. Peyton, Esquire
Redmon, Peyton & Braswell
510 King Street, Suite 301
Alexandria, VA 22314

Frank Bove, Esquire
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314